UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JESUS BARAHONA RODRIGUEZ,
and other similarly-situated individuals,

      Plaintiff (s),

v.

OMEGA EMPIRE, LLC,
DUO EPSILON INC.,
d/b/a EAT GREEK SOUVLAKI,
STAVROS DIMOTAKIS,
and VASSILIOS DIMOTAKIS,
a/k/a/ BILLY DIMOTAKIS and
JENNY SKORDILIS, individually

      Defendants,
_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

      COMES NOW the Plaintiff JESUS BARAHONA RODRIGUEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants OMEGA EMPIRE, LLC, DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS a/k/a BILLY DIMOTAKIS, and JENNY SKORDILIS, individually and alleges:

1.  This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JESUS BARAHONA RODRIGUEZ (hereinafter JESUS BARAHONA) is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants OMEGA EMPIRE, LLC, DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, are Florida corporations, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto Defendants were and are engaged in interstate commerce.

4. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants OMEGA EMPIRE, LLC, and DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, are a joint enterprise, and joint employers of Plaintiff.

5. The individual Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS a/k/a BILLY DIMOTAKIS, (hereinafter VASSILIOS DIMOTAKIS) and JENNY SKORDILIS, were and are now, the directors/owners/partners and managers of Defendant Corporations OMEGA EMPIRE, LLC, and DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI. These individual Defendants had control, directed operations of the corporations and they are Plaintiff's employers in the meaning of 29 U.S.C. § 203(d).

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted

class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2015, (the "material time") without being properly compensated.

7. Corporate Defendants OMEGA EMPIRE, LLC, and DUO EPSILON INC., are Greek restaurants doing business under the name of EAT GREEK SOUVLAKI. Defendants have more than three locations within the area of Miami-Dade County.

8. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants OMEGA EMPIRE, LLC, and DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI were and are now, a joint enterprise because: 1) the two companies have the same or related business activities; 2) the food preparations to be sold by the two companies were made in same location; 3) the two companies shared facilities, equipment and supplies; 4) OMEGA EMPIRE, LLC, and DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, operated as a single unit (EAT GREEK SOUVLAKI) for a common business purpose ; 5) Between OMEGA EMPIRE, LLC, and DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, existed unified operation and common control because individual Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS controlled the day to day operations of the two companies, and they operated as a single unit for a common business purpose; 6) OMEGA EMPIRE, LLC, and DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI shared a common business purpose, the profitable operation of EAT GREEK SOUVLAKI; 7) the two corporations had interdependent financial interest, because each company operated the same business, EAT GREEK SOUVLAKI.

9. Pursuant 29 C.F.R. §791.2, OMEGA EMPIRE, LLC, DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, were joint employers because: 1) OMEGA EMPIRE, LLC, and

DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, through its owners/partners/managers STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS had equal and absolute control over the Plaintiff and other employees similarly situated; 2) STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS and JENNY SKORDILIS assigned duties to Plaintiff and other employees similarly situated; 3) OMEGA EMPIRE, LLC, and DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, through their managers, jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 5) The work of Plaintiff's simultaneously benefited the two corporations. 6) The work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of OMEGA EMPIRE, LLC, and DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI.

10. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants OMEGA EMPIRE, LLC, and DUO EPSILON INC., are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

11. Defendants OMEGA EMPIRE, LLC, and DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, hereinafter will be called collectively EAT GREEK SOUVLAKI or corporate Defendants.

12. Defendants EAT GREEK SOUVLAKI employed Plaintiff JESUS BARAHONA as non-exempt restaurant employee, from approximately July 15, 2015 through September 9, 2016, or 60 weeks. Plaintiff was hired to work as a cook with a wage rate of $20.00 an hour.

13. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff had a regular schedule of minimum 6 days of work per week, with Thursdays off. Plaintiff used to work Mondays, Tuesdays and Saturdays from approximately 5:00 PM to 1:00 AM (8 hours each day); and on Wednesdays, Fridays, and Sundays from 11:00 AM to 1:00 AM midnight (14 hours each day). Plaintiff worked a minimum of 66 hours every week. Plaintiff did not take any bona fide lunch break.

14. However, Plaintiff was not paid for overtime hours. Plaintiff was paid just for 40 hours every week. Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate as provided by the Fair Labor Standards Act (FLSA).

15. Plaintiff was paid for 40 regular hours, or $800.00 weekly, he received $620.00 in check and $180.00 in cash, without paystubs providing basic information about the total working hours per workweek, wage rate, employment taxes deducted etc.

16. Defendants did not use any time-keeping method. Plaintiff did not punch in and out, and he did not have access to check total number of hours worked.

17. During his employment with Defendants, Plaintiff was paid his regular wages in a very irregular fashion. Defendants failed to pay Plaintiff for 6 weeks of regular wages or $4,800.00.

18. In addition, Defendants paid Plaintiff 6 weeks with checks for the amount of $3,720.00. The money was paid by the check cashing store, Nevertheless, these checks did not have funds, now Plaintiff is indebted to the check cashing store, and has to re-pay them that amount.

19. Plaintiff complained many times, to the owners of the business, finally Plaintiff was constructively discharge on or about September 09, 2016.

20. The reason for Plaintiff's constructive discharge was the missing payment of his hard earned regular wages and the lack of payment for overtime hours.

21. Plaintiff JESUS BARAHONA intends to recover unpaid regular wages for approximately $4,800.00, plus $3,720.00 of bad checks given to him, overtime hours, constructive discharge damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This action is brought by Plaintiff and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

25. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants OMEGA EMPIRE, LLC, DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, are a joint enterprise, and joint employers of Plaintiff. Defendants will be called collectively EAT GREEK SOUVLAKI.

26. The Employers EAT GREEK SOUVLAKI, at all times pertinent to this Complaint, were engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendants are restaurants, and through their business activity, affect interstate commerce. The Employers/Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

27. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a restaurant employee and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

28. Defendants EAT GREEK SOUVLAKI employed Plaintiff JESUS BARAHONA as non-exempt restaurant employee, from approximately July 15, 2015 through September 9, 2016, or 60 weeks. Plaintiff was hired to work as a cook with a wage rate of $20.00 an hour.

29. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff had a regular schedule of minimum 6 days of work per week, with Thursdays off.   Plaintiff used to work Mondays, Tuesdays and Saturdays from approximately 5:00 PM to 1:00 AM (8 hours each day); and on Wednesdays, Fridays, and Sundays from 11:00 AM to 1:00 AM midnight (14 hours each day).   Plaintiff worked a minimum of 66 hours every week.  Plaintiff did not take any bona fide lunch break.

30. However, Plaintiff was not paid for overtime hours. Plaintiff was paid just for 40 hours every week. Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate as provided by the Fair Labor Standards Act (FLSA).

31. Plaintiff was paid for 40 regular hours, or $800.00 weekly, he received $620.00 in check and $180.00 in cash, without paystubs providing basic information about the total working hours per workweek, wage rate, employment taxes deducted etc.

32. Defendants did not use any time-keeping method. Plaintiff did not punch in and out, and he did not have access to check total number of hours worked.

33. The records, if any, concerning the number of hours actually worked by Plaintiff JESUS BARAHONA, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain

accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

34. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

a. <u>Total amount of alleged unpaid wages</u>:

Forty Six Thousand Eight Hundred Dollars and 00/100 ($46,800.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 60 weeks
Total hours worked: 66 hours weekly
Total Overtime hours: 26 hours weekly
Regular rate:  $20.00 an hour x 1.5=$30.00 O/T rate

$30.00 O/T rate x 26 O/T hours=$780.00 weekly
$780.00 weekly x 60 weeks = $46,800.00

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents the unpaid overtime.

36. At all times material hereto, the Employers/Defendants EAT GREEK SOUVLAKI failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll

practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

37. Defendant EAT GREEK SOUVLAKI knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

38. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

39. At the times mentioned, individual Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS were and are now directors/owners/partners and managers of Defendant Corporations EAT GREEK SOUVLAKI. Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of EAT GREEK SOUVLAKI in relation to their   employees, including Plaintiff and others similarly situated. Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly liable for Plaintiff's damages.

40. Defendants EAT GREEK SOUVLAKI, STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JESUS BARAHONA and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JESUS BARAHONA and other similarly-situated and against the Defendants EAT GREEK SOUVLAKI, STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid half-time overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff JESUS BARAHONA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO ALL DEFENDANTS**

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

43. This action is brought by Plaintiff JESUS BARAHONA and those similarly-situated to recover from the Employer EAT GREEK SOUVLAKI unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

44. Pursuant to 29 U.S.C. § 203 (r) (1) and pursuant to 29 C.F.R. §791.2, Defendants OMEGA EMPIRE, LLC, DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, are a joint enterprise, and joint employers of Plaintiff. Defendants will be called collectively EAT GREEK SOUVLAKI.

45. The Employers EAT GREEK SOUVLAKI, at all times pertinent to this Complaint, were engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

46. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a restaurant employee and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

47. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

48. Defendants EAT GREEK SOUVLAKI employed Plaintiff JESUS BARAHONA as non-exempt restaurant employee, from approximately July 15, 2015 through September 9, 2016, or 60 weeks. Plaintiff was hired to work as a cook with a wage rate of $20.00 an hour.

49. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff had a regular schedule of minimum 6 days of work per week, with Thursdays off. Plaintiff used to work Mondays, Tuesdays and Saturdays from approximately 5:00 PM to 1:00 AM (8 hours each day); and on Wednesdays, Fridays, and Sundays from 11:00 AM to 1:00 AM midnight (14 hours each day). Plaintiff worked a minimum of 66 hours every week. Plaintiff did not take any bona fide lunch break.

50. However, during Plaintiff's period of employment with Defendants, he was not paid his regular wages for 12 weeks. Plaintiff did not receive his regular wages, at any rate. Plaintiff was not paid even at the minimum wage rate as required by law.

51. The records, if any, concerning the number of hours actually worked by Plaintiff JESUS BARAHONA, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

52. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

53. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is $8.05, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Six Thousand, Three Hundred Seventy Five Dollars and 60/100 ($6,375.60)

b. <u>Calculation of such wages</u>:

Total unpaid weeks:  12 weeks
Total hours worked: 66 hours weekly

2015 Minimum wage $7.25,  / Florida Minimum wage $8.05

$8.05 x 66 hours worked = $531.30 x 12 weeks = $6,375.60

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages.

54. Defendant EAT GREEK SOUVLAKI unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

55. Defendant EAT GREEK SOUVLAKI knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

56. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

57. At the times mentioned, individual Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS were and are now directors/owners/partners and managers of Defendant Corporations EAT GREEK SOUVLAKI. Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of EAT GREEK SOUVLAKI in relation to their employees, including Plaintiff and others similarly situated. Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly liable for Plaintiff's damages.

58. Defendants EAT GREEK SOUVLAKI, STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

59. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JESUS BARAHONA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JESUS BARAHONA and against the Defendants EAT GREEK SOUVLAKI, STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

<u>**COUNT III:**</u>
<u>**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**</u>
<u>**RETALIATORY CONSTRUCTIVE  DISCHARGE; AGAINST ALL**</u>
<u>**DEFENDANTS**</u>

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

61. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

62. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

63. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

64. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

65. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants OMEGA EMPIRE, LLC, DUO EPSILON INC., d/b/a EAT GREEK SOUVLAKI, are

a joint enterprise, and joint employers of Plaintiff. Defendants will be called collectively EAT GREEK SOUVLAKI.

66. The Employers EAT GREEK SOUVLAKI, at all times pertinent to this Complaint, were engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

67. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a restaurant employee and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

68. Defendants EAT GREEK SOUVLAKI employed Plaintiff JESUS BARAHONA as non-exempt restaurant employee, from approximately July 15, 2015 through September 9, 2016, or 60 weeks. Plaintiff was hired to work as a cook with a wage rate of $20.00 an hour.

69. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff had a regular schedule of minimum 6 days of work per week, and Plaintiff worked a minimum of 66 hours every week.  Plaintiff did not take any bona fide lunch break.

70. However, Plaintiff was not paid for overtime hours. Plaintiff was paid just for 40 hours every week. Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate as provided by the Fair Labor Standards Act (FLSA).

71. Plaintiff was not paid for overtime hours and he received his regular wages always late, in a very irregular fashion. Defendants failed to pay Plaintiff for 6 weeks of regular wages or $4,800.00.

72. In addition, Defendants paid Plaintiff with 6 weeks with checks for the amount of $3,720.00. The money was paid by the check cashing store, Nevertheless, these checks did not have funds, now Plaintiff is indebted to the check cashing store and has to pay them that amount.

73. Plaintiff complained many times, to the owners of the business, STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS. Plaintiff was especially concerned about the bad checks issued by Defendants.

74. Plaintiff complained for the last time on or about September 9, 2016. Defendants did not provide Plaintiff with any solution or relief.

75. These complaints constituted protected activity under the FLSA.

76. As a result, on or about September 9, 2016, Plaintiff was forced to quit his job, he was working 66 hours per week, he was not being paid for overtime hours, he was not receiving his paycheck for regular hours, and additionally, Plaintiff had to reimburse the check cashing store for the 6 bad checks received from Defendants.

77. Defendants made Plaintiff's working conditions so intolerable, that he was forced to involuntarily resign. No reasonable person could continue working under such unfair conditions established by Defendants.

78. Therefore, on or about September 9, 2016 Plaintiff was constructively discharge as described above, and the motivating factor which caused Plaintiff's constructive discharge was Defendants' failure to pay Plaintiff in timely fashion, regular and overtime hours.

79. At the times mentioned, individual Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS were and are now directors/owners/partners and managers of Defendant Corporations EAT GREEK SOUVLAKI. Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of EAT GREEK SOUVLAKI in relation to their employees, including Plaintiff and others similarly situated. Defendants STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly liable for Plaintiff's damages.

80. Defendants EAT GREEK SOUVLAKI, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS willfully and intentionally refused to pay Plaintiff unpaid regular and overtime wages as required by the law of the United States and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

81. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JESUS BARAHONA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants EAT GREEK SOUVLAKI, STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS that Plaintiff JESUS BARAHONA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants EAT GREEK SOUVLAKI, STAVROS DIMOTAKIS, VASSILIOS DIMOTAKIS, and JENNY SKORDILIS to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JESUS BARAHONA further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff JESUS BARAHONA demands trial by jury of all issues triable as of right by jury.

Dated: September 16, 2016

Respectfully submitted,
By: __/s/ **Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*